J-S24018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES F. SINKOVITZ, | : | |
| | : | |
| Appellant | : | No. 1954 MDA 2017 |

Appeal from the PCRA Order, December 4, 2017,
in the Court of Common Pleas of Dauphin County,
Criminal Division at No(s):  CP-22-CR-0000808-2009.

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED JUNE 13, 2018**

James F. Sinkovitz appeals *pro se* from the order denying as untimely
his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42
Pa.C.S.A. §§ 9541-9546.  We affirm.

The pertinent facts and procedural history are as follows:  On January
26, 2009, police arrested Sinkovitz and charged him with criminal homicide.
On November 19, 2009, a jury convicted him of first-degree murder.  On
November 23, 2009, the trial court sentenced Sinkovitz to life in prison.
Following the denial of his post-sentence motion, Sinkovitz filed a timely
appeal to this Court.  In an unpublished memorandum filed on February 8,
2011, a panel of this Court affirmed Sinkovitz's judgment of sentence, and our
Supreme Court denied his petition for allowance of appeal on September 28,

2011.  *Commonwealth v. Sinkovitz*, 24 A.3d 448 (Pa. Super. 2011), *appeal denied*, 30 A.3d 488 (Pa. 2011).

Sinkovitz filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel.  Thereafter, PCRA counsel filed a motion to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  On December 23, 2013, the PCRA court granted PCRA counsel's motion to withdraw, and issued notice of its intent to dismiss Sinkovitz's petition without a hearing pursuant to Pa.R.Crim.P. 907.  Sinkovitz filed a response.  By order entered February 24, 2014, the PCRA court dismissed Sinkovitz's PCRA petition.

Sinkovitz filed a *pro se* appeal to this Court.  Although a panel of this Court found Sinkovitz's supporting argument as to these claims largely unintelligible, it nevertheless cited and agreed with the PCRA court's disposition when affirming its order denying post-conviction relief.  **See Commonwealth v. Sinkovitz**, 120 A.3d 1050 (Pa. 2015) (unpublished memorandum).

Sinkovitz filed a *pro se* "Motion to Hear Newly Discovered Evidence" on November 3, 2017.  Properly treating this filing as a second PCRA petition, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Sinkovitz's second PCRA petition as untimely filed.  Sinkovitz filed a *pro se* response.  By order entered December 4, 2017, the PCRA court denied the petition.  This

appeal follows.   Both Sinkovitz and the PCRA court have complied with Pa.R.A.P. 1925.

Sinkovitz raises multiple issues on appeal.  ***See*** Sinkovitz's Brief at 3-5. Before discussing these issues, we must first determine whether the PCRA court correctly concluded that Sinkovitz's second petition for post-conviction relief was untimely filed.  This Court's standard of review regarding an order dismissing a petition under the PCRA is to determine whether the PCRA court's conclusion is supported by the evidence of record and is free of legal error. The PCRA court's factual findings will not be disturbed unless there is no support for the findings in the certified record.  ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[1]  42 Pa.C.S.A. § 9545.  "A PCRA petition

---

[1] The exceptions to the timeliness requirement are:

> (I) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

invoking one of these statutory exceptions must be filed within sixty days of the date the claims could have been presented." ***Commonwealth v. Hernandez***, 79 A.3d 649, 651-52 (Pa. Super. 2013); ***see also*** 42 Pa.C.S.A. § 9545(b)(2). Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal. ***Commonwealth v. Furgess***, 149 A.3d 90, 93 (Pa. Super. 2016).

Because he did not seek further review following the denial of his petition for allowance of appeal by our Supreme Court on September 28, 2011, Sinkovitz's judgment of sentence became final on December 27, 2011, when the ninety-day time period for filing a writ of *certiorari* with the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Thus, Sinkovitz had until December 27, 2012, to file a timely PCRA petition. As he filed the instant petition in 2017, it is patently untimely unless Sinkovitz has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

------------------------------------------------------------

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

Within his brief, Sinkovitz avers that he received "the criminal backgrounds of [the victim] and Mr. David Petrie" on October 22, 2017, and filed his second PCRA within sixty days of their receipt. Sinkovitz's Brief at 16. He argues, "it is [his] intention . . . to seek relief through the use of this information. This information should have been made available in discovery, pretrial." *Id.* According to Sinkovitz, "[t]his information was vital to [his] defense, to establish the witness [sic] credibility on cross examination." Motion, 11/3/17, at 2.

When considering a PCRA's petitioner's claim that he or she has established an exception to the PCRA's time bar under section 9545(b)(1)(ii), the petitioner must establish only that the facts upon which the claim are predicated were unknown to him, and that he could not have ascertained the facts earlier despite the exercise of due diligence.[2] *Commonwealth v. Bennett*, 930 A.2d 1264, 1270-72 (Pa. 2007). The determination of timeliness does not require a merits analysis. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008).

The PCRA court first found that Sinkovitz failed to establish the newly discovered evidence exception because:

---

[2] Although Sinkovitz also cited to 42 Pa.C.S.A, section 9545(b)(1)(i) in his 2017 motion, he has not presented any argument regarding the governmental interference exception to the PCRA's time bar. As such, this argument is waived. *In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012).

A witness' criminal record is a matter of public record and cannot be "unknown" for purposes of the newly discovered evidence exception. Additionally, [Sinkovitz] failed to explain why he did not know those facts early and why he could not have learned of those facts earlier by the exercise of due diligence (i.e. why he could not have obtained [the victim's] criminal record in a timely fashion).

PCRA Court Opinion, 11/14/17, at 4.

Sinkovitz correctly asserts that, for purposes of newly-discovered time-bar exception, the presumption that information which is of public record cannot be deemed "unknown" does not apply to *pro se*, incarcerated prisoners like him. **See generally**, **Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017). However, the PCRA court also concluded that, even if Sinkowitz could satisfy the newly discovered exception to the PCRA's time bar, he did not establish that the discovery of these prison records would entitle him to post-conviction relief in the form of a new trial. We agree.

A petitioner is eligible for relief under the PCRA if he or she can establish the "unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi). This Court has explained the test to be applied to such a claim as follows:

To obtain relief based on after-discovered evidence, an appellant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of trial by the exercise of reasonable due diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

- 6 -

*Commonwealth v. Foreman*, 55 A.3d 532, 537 (Pa. Super. 2012) (citation omitted). "The test is conjunctive; the appellant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted." *Id.* Moreover, "when reviewing the decision to grant or deny a new trial on the basis of after-discovered evidence, an appellate court is to determine whether the PCRA court committed an abuse of discretion or error of law that controlled the outcome of the case." *Id.*

Here, neither of the prior criminal records at issue survive the *Foreman* test. As to the victim, at the beginning of Sinkovitz's trial, the parties discussed evidence of the victim's violent propensities being introduced through trial testimony. N.T., 11/16/09, at 5-10. At that time, defense counsel requested the victim's criminal history, and the court directed the Commonwealth to comply. *Id.* at 17-18. Ultimately, defense counsel was able to put in evidence the volatile relationship the victim had with his wife, which culminated in a 2008 PFA prohibiting him from entering onto the property where the shooting occurred. *See* N.T., 11/18/09, at 522-36. Given these circumstances, Sinkovitz cannot establish that further use of the victim's criminal record "would likely result in a different verdict if a new trial were granted." *Foreman*, 55 A.3d at 537.

As to Petrie, even without reference to his criminal record, defense counsel challenged Petrie's credibility through questions regarding his mental health and inconsistencies between his trial testimony and his prior

statements to police. **See** N.T., 11/17/19, at 305-349. Thus, evidence of Petrie's criminal record, if properly admissible as *crimen falsi*, would have only been used for impeachment purposes, thereby failing the **Foreman** test.

In sum, the PCRA court correctly concluded that Sinkovitz's "after-discovered evidence" does not entitle him to post-conviction relief in the form of a new trial. We therefore affirm the PCRA court's order denying his PCRA petition.

Order affirmed.


Judge Musmanno joins.

Judge Olson concurs in result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/13/2018